IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

QUIRINO HERNANDEZ, PRO SE

      Petitioner,

          VS.

D.L. YOUNG, WARDEN,

    F.C.I. BECKLEY,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)



5:19-cv-00352

CASE NO. T.B.A.

FILED

MAY - 6 2019

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

    COMES NOW, Quirino Hernandez, Pro Se, the plaintiff in this case.
I make this declaration in support of my Motion for a combined tem-
porary restraining order and a preliminary injunction to ensure
that batteries necessary for the normal operation of all AM/FM
radios, night lights, clocks and beard trimmers are not eliminated,
removed or discontinued from being sold to inmates incarcerated at
the Federal Correctional Institution-Beckley located in Beaver,
West Virginia 25813.

1.    April 5, 2019 a MEMORANDUM FOR INMATE POPULATION was
      posted on the inmate TRULINCS/CORRLINCS computer system
      by ASSOCIATE WARDEN P. Boulet, F.C.I. Beckley notifying
      all inmates that effective June 7, 2019, the F.C.I. Bec-
      kley Commissary will discontinue the sale of AA, AAA and
      C batteries. See Exhibit "A";

2.    The plaintiff submits that in an effort to amicably re-
      solve the problem regarding the elimination of AA, AAA
      and C batteries at F.C.I. Beckley commissary he submit-
      ted  an Informal Resolution to F.C.I. Beckley staff on
      April 30, 2019;

3.    The plaintiff alleges that he, as well as over a thousand
      other inmates incarcerated at F.C.I. Beckley will incur
      irreparable harm and irrecoverable perniciousness causing
      the needless and unnecessary expenditure of sorely needed
      funds currently deposited in commissary trust fund account(s),
      explicitly earmarked for the purchasing of U.S. Postal
      Service Stamps necessary to maintain close and personal
      relationships with immediate family members, relatives,
      loved ones, the courts and to purchase personal hygiene
      items required to maintain a normal accepted level of san-
      itation if needlessly subjected to the untenable position
      of having to purchase a new "wind-up" AM/FM radio;

4.    Federal Bureau of Prisons records will clearly reflect
      that since F.C.I. Beckley's inception and opening in or
      about 1995, the commissary has continuously sold numerous
      types of AM/FM radio's, night lights, beard trimmers and
      clocks to inmates at inflated prices. Obviously, these
      specific sales of battery operated items has undoubtedly
      resulted. in the F.C.I. Beckley commissary earning profits
      well into the hundreds of thousands of dollars from in-
      mates over the past twenty-four (24) years;

5.    The elimination of AA, AAA and C batteries from the F.C.I.
      Beckley commissary would obviously render the AM/FM radios,
      night lights for reading, clocks and beard trimmers sold
      by the F.C.I. Beckley commissary to hundreds, if not thou-
      sands of inmates, past and present, inoperable, ineffectual
      and for all intents and purposes worthless and obsolete;

2

6. Significantly, the purchase of AA, AAA and C batteries at the F.C.I. Beckley commissary by plaintiff and illustrated on the attached commissary sheet as Exhibit "B," is conducted on an exchange basis only and batteries must be turned in at the beginning of the sale. Thus, the reason set forth in Associate Warden P. Boulet's attached Memorandum, Exhibit "A," for the elimination of batteries from the F.C.I. Beckley commissary is seriously flawed and clearly lacks merit;

7. The permanent removal of AA, AAA and C batteries is entirely unnecessary and would serve no reasonable, logical, rational or penological purpose other than to enhance the profit margin of the F.C.I. Beckley commissary when augmenting a thirty percent (30%) mark up to every item sold in the commissary to increase their coffers;

8. The AM/FM radios now being sold in the F.C.I. Beckley commissary are an indispensable item and essential for viewing various television programs, watching and listening to local and world news, sporting events and weather predictions;

9. Defendant D.L. Young is the Warden at F.C.I. Beckley located in Beaver, WV and is ultimately responsible for ensuring inmates in his care and custody are provided the opportunity to purchase fundamental items such as AA, AAA and C batteries from the F.C.I Beckley commissary;

10. For the reasons set forth in the memorandum of law filed with this motion, the plaintiff is entitled to a temporary restraining order requiring the defendant to continue selling AA, AAA and C batteries at the F.C.I. Beckley commissary;

11.  For the foregoing reasons, the court should grant the
     plaintiff's motion in all respects.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of
perjury that the foregoing is true and correct.

For the foregoing reasons, the Court should grant the motion
in all respects.

Done this __30ᵗʰ__ day of April, 2019.


                                    QUIRINO HERNANDEZ, PRO SE
                                    REG.NO. 33003-171
                                    F.C.I. BECKLEY
                                    P.O. BOX 350
                                    BEAVER, WV 25813

4